IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

JOEL GOODMAN,

Plaintiff,

v.                                                                    Case No. 3:20-cv-5262-TKW-EMT

GANNETT SATELLITE
INFORMATION NETWORK, LLC,

Defendant.
_____/

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO APPEAR *PRO HAC VICE* BY RICHARD LIEBOWITZ[1]**

Defendant Gannett Satellite Information Network, LLC ("Gannett"), by and through its undersigned counsel, hereby files its Opposition to Plaintiff's Motion for Leave to Appear *Pro Hac Vice* for Richard Liebowitz filed on April 13, 2020, in the above-entitled proceeding.

**INTRODUCTION**

By letter dated April 10, 2020, transmitted via email, Gannett's undersigned counsel, Mr. Herbert, informed Mr. Liebowitz that Greenberg Traurig had been retained to represent Gannett in this case. (*See* Exhibit "A" attached hereto.) The April 10 letter further requested that Mr. Liebowitz meet and confer with counsel for Gannett prior to submitting an application for admission *pro hac vice* to the Northern District of Florida for this matter, as required by Local Rule 7.1. To date, Mr. Liebowitz has not responded to the April 10 letter and has not

---

[1] Defendant does not hereby waive, and expressly reserves, any and all defenses, affirmative defenses, and objections available under law, including without limitation objections and defenses related to venue, jurisdiction, or otherwise.

contacted Greenberg Traurig to meet and confer regarding his application for admission *pro hac vice* in this Court.

Nevertheless, on April 13, 2020, Mr. Liebowitz submitted a motion to appear *pro hac vice* to this Court. (Dkt. No. 5 (the "Application")).  The Application states that Mr. Liebowitz "completed the online Local Rules tutorial exam" and "studied and is familiar with the Local Rules of this District." (*Id*. at ¶¶ 2-3)  The Application, however, fails to make any reference to Local Rule 7.1(B), much less include the requisite Certificate of Compliance with the Rule, as required under Local Rule 7.1(C).  Additionally, the Application states that Mr. Liebowitz "is a lawyer licensed to practice law in New York" and attaches Mr. Liebowitz's Certificate of Good Standing for the New York State Bar.  (*Id*. at ¶ 1 and Ex. A)  The Application makes no mention of prior sanctions imposed against Mr. Liebowitz by federal district judges, ignores orders finding him in contempt of court, and disregards the Southern District of New York's recent referral to a bar grievance committee concerning his repeated false representations to that Court in a copyright case.

This is not a step that Gannett takes lightly or without careful consideration of both its implications and consequences.  Nonetheless, for the reasons detailed more fully below, Gannett respectfully submits that Mr. Liebowitz's Application should be denied given Mr. Liebowitz's well-documented misconduct in other federal district courts.

## APPLICABLE STANDARD

The standard adopted by the Eleventh Circuit "requires a showing of unethical conduct of such a nature as to justify disbarment of a lawyer admitted generally to the bar of the district court in order to justify the denial of an applicant's *pro hac vice* admission." *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1562 (11th Cir. 1997).  Even an applicant for admission

*pro hac vice* who is a member in good standing of a state bar may be denied the privilege to appear upon "a showing that in any legal matter, whether before the particular district court or in another jurisdiction, he has been guilty of unethical conduct of such a nature as to justify disbarment of a lawyer admitted generally to the bar of the court." *See, e.g., In re Wilson Evans, II*, 524 F.2d 1004, 1007 (5th Cir. 1975).  As is particularly relevant here, Florida courts "typically impose[] the severe sanction of disbarment on lawyers who intentionally lie to a court." *Fla. Bar v. St. Louis*, 967 So. 2d 108, 123 (Fla. 2007) ("An officer of the court who knowingly seeks to corrupt the legal process can expect to be excluded from that process.") (*citing Fla. Bar v. Kickliter*, 559 So. 2d 1123 (Fla. 1990) (disbarring attorney who committed a fraud on the court); *see also* Florida's Standards for Imposing Lawyer Sanctions, Section 6.11 (providing that disbarment is appropriate when a lawyer, with the intent to deceive the court, knowingly makes a false statement or submits a false document).

As set forth below, the conduct for which other federal district courts have sanctioned Mr. Liebowitz would appear to rise to the level sufficient for disbarment under Florida law and, accordingly, would justify denial of the Application.

**ARGUMENT**

Mr. Liebowitz's pattern of misconduct in the Southern District of New York demonstrates that he has engaged in "conduct of such a nature as to justify disbarment," as required to deny a motion for *pro hac vice* admission. *Id*. Suffice to say that Mr. Liebowitz's reputation precedes him with the federal judiciary in New York State.  In a recent decision, the Southern District of New York summarized his litigation history as follows:

> In his relatively short career litigating in this District, Richard Liebowitz has earned the dubious distinction of being a regular target of sanctions-related motions and orders. Indeed, it is no exaggeration to say that there

is a growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone.

*Rice v. NBCUniversal Media, LLC*, 2019 U.S. Dist. LEXIS 114690, at *1 (S.D.N.Y. July 10, 2019) (imposing sanctions "on Mr. Liebowitz for his repeated failure to comply with this Court's orders, failures that imposed considerable and unwarranted costs on the Court, its staff, and Defendant").[2]

In a previous decision, another judge in the same Court stated that "[a]s evidenced by the astonishing volume of filings coupled with an astonishing rate of voluntary dismissals and quick settlements in Mr. Liebowitz's cases in this district, it is undisputable that Mr. Liebowitz is a copyright troll." *McDermott v. Monday, LLC*, 2018 U.S. Dist. LEXIS 184049, at *9 (S.D.N.Y. Oct. 26, 2018) (Cote, J.). In an earlier opinion issued in the same case, Judge Cote aptly described Mr. Liebowitz's litigation methods:[3]

> In common parlance, copyright trolls are more focused on the business of litigation than on selling a product or service or licensing their copyrights to third parties to sell a product or service. A copyright troll plays a numbers game in which it targets hundreds or thousands of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim.

---

[2] For the convenience of the Court, the judicial decisions referenced herein are annexed hereto as Exhibit "B."

[3] A federal district court in the District of Columbia has unsparingly capsulized the flagrant litigation shakedown techniques of copyright trolls such as Mr. Liebowitz:

> These serial litigants drop cases at the first sign of resistance, preying on low-hanging fruit and staying one step ahead of any coordinated defense. They don't seem to care about whether defendant actually did the infringing, or about developing the law. If a Billy Goat Gruff moves to confront a copyright troll in court, the troll cuts and runs back under its bridge. Perhaps the trolls fear a court disrupting their rinse-wash-and-repeat approach: file a deluge of complaints; . . . settle as many claims as possible; abandon the rest.

*Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 162 (D.D.C. 2018).

*McDermott v. Monday*, LLC, 2018 WL 1033240, at *3 n.4 (S.D.N.Y. Feb. 22, 2018) (citation omitted).

Judge Cote's admonition was just one in a series of warnings and numerous prior sanctions imposed by courts in the Southern District of New York in response to Mr. Liebowitz's professional transgressions:

- In June 2017, a court awarded attorneys' fees against Mr. Liebowitz's client where it found that "no reasonable lawyer with any familiarity with the law of copyright could have thought" that the claims had merit. *Kanongataa v. Am. Broad. Cos., Inc.*, No. 16-cv-7382 (LAK), 2017 WL 2684067, at *2 (S.D.N.Y. June 21, 2017); *see also Kanongataa v. Am. Broad. Cos., Inc.*, 2017 WL 4776981, at *3 (S.D.N.Y. Oct. 4, 2017) (sanctions determination of more than $121,000).

- In November 2017, the court took the extraordinary measure after the Complaint was filed of *sua sponte* ordering the plaintiff Alex Cruz — Mr. Liebowitz's client — to post security for costs, including attorneys' fees, as a condition of proceeding with his copyright infringement action. *Cruz v. Am. Broad. Cos.*, Civil Action No. 17-CV-8794 (LAK), 2017 WL 5665657, at *2 n.11 (S.D.N.Y. Nov. 17, 2017) (noting that plaintiff's counsel Richard Liebowitz had filed 452 cases in S.D.N.Y. in the last 21 months, including the *Kanongataa* matter resulting in the award of over $121,000 in attorneys' fees against his client). Tellingly, Mr. Liebowitz decided to dismiss Mr. Cruz's lawsuit.

- In January 2018, the Liebowitz Law Firm was warned to "consider its reputation with the Court and, frankly, clean up its act" where it had "made a total hash of discovery, requiring multiple court conferences." *Janik v. SMG Media, Inc.*, 2018 WL 345111, at *16 (S.D.N.Y. Jan. 10, 2018).

- In February 2018, the Liebowitz Law Firm was sanctioned for failing to notify the defendant of a pretrial conference (which the court noted was neither "inadvertent" nor an "honest mistake" given Mr. Liebowitz's prior practice before the court and in the District), for misleading and material omissions in a communication to the court, and for "needlessly impos[ing] costs on the defendant." *Steeger v. JMS Cleaning Servs. LLC*, No. 17-CV-8013 (DLC), 2018 WL 1136113, at *3-4 (S.D.N.Y. Feb. 28, 2018), *opinion vacated in part on reconsideration*, 2018 WL 1363497 (S.D.N.Y. Mar. 15, 2018).

- In March 2018, the Liebowitz Law Firm was ordered to post a bond for costs to continue to prosecute an infringement suit where Mr. Liebowitz, *inter alia*, failed to disclose to the court that his client had provided the allegedly infringed photograph of Melania Trump to the Trump Campaign, which in turn provided it to the defendant for use in connection with an article about Melania in *Elle* online. *Reynolds v. Hearst Commc'ns, Inc.*, No. 17-cv-6720 (DLC), 2018 WL 1229840, at *2, *4-5 (S.D.N.Y. Mar. 5, 2018). The Court observed that

- the Liebowitz Law Firm had filed more than 500 cases in this District alone in the past two years and dubbed Mr. Liebowitz a "copyright troll." *Id.* at *4 ((*citing McDermott v. Monday, LLC*, No. 17-cv-9230 (DLC), 2018 WL 1033240, at *3 n.4 (S.D.N.Y. Feb. 22, 2018)).

- In July 2018, Plaintiff's counsel was again required to post a bond to proceed with a copyright case based on the court's "justified concern that [Mr. Liebowitz would] evade court orders or voluntarily dismiss the action in an attempt to make plaintiff's assets unreachable." *Leibowitz v. Galore Media, Inc.*, No. 18-cv-2626 (RA)(HEP), 2108 WL 4519206, at *6 (S.D.N.Y. July 11, 2018).

- In May 2019, Magistrate Judge Pollak ordered Mr. Liebowitz to post bond in the amount of $10,000 as a condition of continuing the prosecution of a copyright action where the defendant tendered a reasonable Rule 68 Offer of Judgment that was ignored by Mr. Liebowitz and his client. *Lee v. W Architecture and Landscape Architecture, LLC*, Case No. 1:18-cv-05820-PKC-CLP, Docket No. 27 (E.D.N.Y May 28, 2019). The Order emphasized that "even if plaintiff prevails at trial, he will still owe defendant for its costs and attorneys' fees from the date the Rule 68 Offer was made, if the amount that plaintiff recovers at trial is less than the amount of the Rule 68 Offer." *Id.*, slip. op. at 8. Further, the court referenced "a number of instances in different cases where plaintiff's counsel either voluntarily dismissed the action or evaded court orders" noting its concern based on Mr. Liebowitz's litigation track record that "plaintiff's counsel will voluntarily dismiss the case to avoid paying defendant any fees it may be owed." *Id.*, slip. op. at 4.

- In December 2019, Judge Furman resorted to the unusual step of requesting the submission of a declaration from a Court-appointed Mediator in order to determine the veracity of Mr. Liebowitz's representations to the Court that the Mediator had given him advance permission to have (1) an associate (rather than himself) appear in person at a mediation and (2) his client participate telephonically. *Usherson v. Bandshell Artist Mgt.*, 2019 U.S. Dist. LEXIS 212150, at *2, *7 (S.D.N.Y. Dec. 9, 2019).

- Just this month, in response to accusations that Mr. Liebowitz forged his client's signature on an interrogatory verification, Judge Lorna G. Schofield imposed sanctions against Mr. Liebowitz after finding the verification "entirely misleading" and inferring bad faith on the part of Mr. Liebowitz for his utter failure to rectify what he undeniably knew was a misleading document. *Wisser v. Vox Media, Inc.*, 2020 U.S. Dist. LEXIS 57705, at *15 (S.D.N.Y. Apr. 1, 2020).

As noted above, while Gannett acknowledges allegations of ethically questionable conduct are among the most serious matters that a court must consider, and that a court's power to disqualify an attorney must be exercised with great caution, Mr. Liebowitz's demonstrated pattern of inexcusable behavior nevertheless compels Gannett to oppose the Application. Mr.

6

Liebowitz's recent deceptions before Judge Cathy Seibel in the Southern District of New York underscore the propriety of, and the need for, Gannett's opposition. There, Judge Seibel found Mr. Liebowitz in contempt of two court orders and, ultimately, referred Mr. Leibowitz to the Court's Grievance Committee after Mr. Leibowitz repeatedly failed to comply with a court order requiring him "to provide documentation or other evidence (apart from his own word) that demonstrated that a death in the family had occurred that prevented him from attending the [Court] conference and timely notifying the Court and Defendant's counsel of his inability to attend." *Berger v. Imagina Consulting, Inc.*, 2019 U.S. Dist. LEXIS 213321, at *5, *11 (S.D.N.Y. Nov. 1, 2019); *see also* Hearing Transcript, at 27:5-11, *Berger v. Imagina Consulting, Inc.*, 7:18-cv-08956-CS (S.D.N.Y. Nov. 13, 2019) (Exhibit "C" attached hereto). Judge Seibel expressly called into question Mr. Liebowitz's fitness to practice as a result of his blatant dishonesty to the court regarding his grandfather's death and his failure to own up to his misleading or false representations. (*See* Exhibit C at 14:6-9 ("[T]he whole issue why I question Mr. Liebowitz's fitness to practice is the dishonesty and the failure to own up to the dishonesty and the doubling and quintupling and octupling down on the dishonesty . . .")). Further, Judge Seibel pulled no punches in reprimanding Mr. Liebowitz for his unscrupulous "business model:"

> I can only say, Mr. Liebowitz, that your work may be valued by your clients. It may be perfectly appropriate, but it is not a good business model to bring a lawsuit and make a demand that you don't have a good faith basis for; lie about it to the other side; lie to the Court; try to drop the case when you get busted; and end up sitting where you are sitting now, which is steps away from leaving the courtroom in handcuffs. Not only is it a bad business model, but it's a bad way to be as a person.

(*Id.* at 27:12-20)

In the end, Judge Seibel not only refused to vacate her contempt orders — even after Mr. Leibowitz paid thousands of dollars in sanctions and fines — but also directed Mr. Liebowitz to disclose his pattern of dishonesty should he apply for admission *pro hac vice* in other courts. (*Id.* at 28:4-6) ("Going forward, if you apply to be admitted *pro hoc [sic] vice* in other courts, you are going to have to disclose this problem."). Mr. Liebowitz has blatantly disregarded Judge Seibel's directive here, apparently in the hope of lulling this Court into rubber-stamping his Application.

In sum, in his Application — submitted among his first filings in this action — seeking to be granted the privilege of appearing and practicing before this Court, Mr. Liebowitz has already violated: (1) the very Local Rules he attests he has read and understood, by failing to meet and confer as required under Local Rule 7.1; and (2) a federal court order issued by a judge in his home state that instructed him to make various disclosures in any future *pro hac vice* motion. Accordingly, on the record before this Court during the short course of this action to date, sufficient grounds exist for denying the Application. Under the circumstances, the Application at the very least warrants careful review that takes into account Mr. Liebowitz's history of dishonest and ethically questionable litigation practices. At a minimum, Mr. Liebowitz should be required to retain, on behalf of his client, local co-counsel duly admitted to practice in this Court to ensure compliance with its rules, procedures, and directives as this case progresses.

## CONCLUSION

WHEREFORE, for the above reasons, Gannett Satellite Information Network, LLC, respectfully requests that the Court deny the Application and prohibit Mr. Liebowitz from appearing in this case or, in the alternative, require Mr. Liebowitz to retain local co-counsel for the Plaintiff as a condition of continuing the prosecution of this case, together with such further relief as the Court deems necessary and proper.

Dated: April 27, 2020

                                    Respectfully submitted,

                                    **GREENBERG TRAURIG, P.A.**

By: ***Gregory W. Herbert***
      Gregory W. Herbert, Esq.
      Florida Bar No. 0111510
      herbertg@gtlaw.com
      450 S. Orange Avenue, Suite 650
      Orlando, FL 32801
      Telephone No. (407) 420-1000
      Facsimile No. (407) 841-1295

      **GREENBERG TRAURIG, LLP**
      Michael J. Grygiel *(pro hac vice application forthcoming)*
      Kelly L. McNamee *(pro hac vice application forthcoming)*
      grygielm@gtlaw.com
      mcnameek@gtlaw.com
      54 State Street, 6th Floor
      Albany, NY 12207
      Telephone. (518) 689-1400
      Facsimile No. (518) 689-1499

      *Counsel for Defendant Gannett Satellite Information Network, LLC*